[Cite as *Buduson v. Cleveland*, 2019-Ohio-1610.]

| | |
|---|---|
| SARAH L. BUDUSON | Case No. 2018-00300PQ |
| Requester | Judge Patrick M. McGrath |
| v. | ENTRY ADOPTING RECOMMENDATION OF SPECIAL MASTER |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} On January 22, 2018, Investigative Producer Samah Assad made a public records request to respondent City of Cleveland on behalf of WEWS News 5:

> Pursuant to the Ohio Open Records Act, News 5 requests any and all proposals, documents, internal and external reports, memos, videos, photographs and any other documentation – paper or electronic – related to the bid for Amazon's second headquarters, HQ2.

(Complaint at 5.) The Cleveland Public Records Center acknowledged receipt of the request and advised "You will be contacted via email when your request has been completed." (*Id.*) Assad and WEWS Reporter Sarah Buduson sent several inquiries as to the status of the request, but received no further response. (*Id.* at 2-4.)

{¶2} On February 27, 2018, Buduson filed a complaint on behalf of WEWS under R.C. 2743.75 alleging denial of access to public records by Cleveland in violation of R.C. 149.43(B). On July 9, 2018, Cleveland filed its answer. On August 1, 2018, Cleveland filed an additional pleading. On August 28, 2018, Buduson filed a reply. On September 26, 2018, both parties filed additional pleadings pursuant to special masters' orders. Cleveland filed an unredacted copy of its written proposal to Amazon, Inc. to host Amazon's HQ2 ("bid document").

{¶3} Cleveland asserted as its first defense that the court should find the entire request overly broad and ambiguous and thus not enforceable. The special master agreed that most of the request was ambiguous and/or overly broad, but that an

embedded request – "News 5 requests * * * the bid for Amazon's second headquarters, HQ2." – was sufficiently narrow to be a proper request, and had been acted on by Cleveland as such. With respect to the public records exceptions claimed by Cleveland, the special master found that six pages of the bid document were exempt under R.C. 187.04(C) as "records created by JobsOhio," but that the statute did not exempt JobsOhio *information* dispersed elsewhere in the document. The special master further found that Cleveland failed to show that any information in the bid document constituted a trade secret of Cleveland. The special master recommended that the court order respondent to provide requester with an unredacted copy of the bid document, except for the six pages identified as records created by JobsOhio.

{¶4} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * * ." No objections were filed by either party. The court determines that there is no error of law or other defect evident on the face of the special master's decision. Therefore, the court adopts the special master's report and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶5} The court finds that requester is entitled to recover the amount of the filing fee and any other costs associated with the action that she has incurred. R.C. 2743.75(F)(3)(b). The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed March 8, 2019**
**Sent to S.C. Reporter 4/30/19**